THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK SEARCY, | CASE NO. C19-0220-JCC |
| Petitioner, | ORDER |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Respondent. | |

This matter comes before the Court on Respondent Federal Bureau of Investigation's (the "FBI") motion to dismiss (Dkt. No. 20) Petitioner's supplementary amended petition for writ of mandamus (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Petitioner Rick Searcy alleged that he was an informant for the FBI and has consequently faced threats, harassment, intimidation, and false imprisonment by various third parties. (*See generally* Dkt. No. 1). On February 15, 2019, Petitioner filed a petition for a writ of mandamus, seeking to "compel the F.B.I. to provide adequate protection, including placing [Petitioner] in the witness protection program immediately." (*Id.* at 1.) Petitioner filed a motion for discovery, requesting that the FBI provide "all evidence acquired by the [FBI] while conducting its

investigation concerning [Petitioner] . . . ." (Dkt. No. 2.) The FBI moved to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim, and to stay discovery. (Dkt. No. 11 at 1.) Petitioner amended his petition, asserting similar allegations to those in his first petition and seeking "an order from [the Court] moving this matter forward as a matter of right based on the factual allegations contained in all [Petitioner's] pleadings with the incorporation of all exhibits." (*See* Dkt. No. 14 at 11.) Petitioner filed a second motion for discovery containing the same request as the first motion for discovery. (*See* Dkt. No. 16.) The FBI moved to dismiss the supplementary amended petition for lack of subject matter jurisdiction and for failure to state a claim, and to stay discovery. (Dkt. No. 20 at 1.) Petitioner filed a motion to find the FBI's counsel in contempt. (Dkt. No. 23.)

## II. DISCUSSION

### A. Sovereign Immunity

Under the doctrine of sovereign immunity, a party cannot sue the United States without its consent. *United States v. Mitchell,* 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Such consent "cannot be implied but must be unequivocally expressed." *Mitchell*, 445 U.S. at 538. The claimant must prove the federal government's waiver of immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). The Court may dismiss an action solely for lack of waiver of sovereign immunity. *See McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). Such a dismissal is independent of subject matter jurisdiction. *Powelson v. U.S., By & Through Sec'y of Treasury*, 150 F.3d 1103, 1105 (9th Cir. 1998).

Petitioner has not met his burden of establishing a waiver of sovereign immunity because he has not provided any evidence clearly showing that the FBI has waived its sovereign immunity. (*See generally* Dkt. No. 14.) The FBI has not consented to this lawsuit. (*See* Dkt. No. 20 at 3.) Petitioner's failure to establish consent of a waiver is a basis to dismiss the petition. *See McCarthy*, 850 F.2d at 560. Nonetheless, the Court will evaluate whether Petitioner has a valid claim for which he is entitled to relief and over which the Court has subject matter jurisdiction.

### B. Motion to Dismiss

A party may move to dismiss a claim if the Court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction concerns the Court's power to hear a case. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Parties cannot waive or forfeit subject matter jurisdiction, and the Court must independently determine whether it has subject matter jurisdiction. *Id.*

A party may also move for dismissal if the claimant "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). The statement must put a party on fair notice of the claim and its grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, the Court accepts all factual allegations as true and views them in the light most favorable to the nonmoving party. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). To survive a motion to dismiss, a claim must be "plausible" in that the facts pled "allow[] the court to draw [a] reasonable inference" connecting the facts and the relief sought. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining plausibility is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Petitioner has failed to articulate a legal basis for his claims, and thus the Court cannot evaluate whether subject matter jurisdiction exists. (*See generally* Dkt. No. 14.) Petitioner has not provided a short and plain statement that puts Respondent on fair notice of the claim and its grounds. (*See generally id.*) Instead, he alleges that various third parties have harmed him in a number of ways, without providing a legal basis for these claims. (*See generally id.*) Thus, the Court cannot make a reasonable inference from Petitioner's allegations that a writ of mandamus is justified, as further explained below.

### C. Writ of Mandamus

The Court has original jurisdiction over "any action in the nature of mandamus to compel

an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a suitable remedy only if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;] and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Mandamus is an extraordinary remedy to be issued at the court's discretion. *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). Sovereign immunity generally applies to mandamus petitions. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013).

In addition to the lack of an immunity waiver discussed above, Petitioner has not shown that he is entitled to a writ of mandamus. First, Petitioner's claims are vague and are without clarity or certainty. (*See supra* Section II.B; *see also* Dkt. No. 14.) Second, Petitioner has not shown that the FBI has a duty to protect him. *See, e.g., United States v. Doe*, 705 F.3d 1134, 1140 (9th Cir. 2013) (explaining that the FBI sometimes grants requests for witness protection, but generally "only after long and successful records of [the requester's] cooperation with the FBI that resulted in prosecutions and convictions"); *see also Bishop v. San Quentin State Prison Work Place*, 2002 WL 1767416, slip op. at 5 (N.D. Cal. 2002). The FBI does not have an affirmative duty to protect a person or to conduct an investigation. *See generally* 28 C.F.R. § 0.85; 18 U.S.C. § 351; 28 U.S.C. §§ 531 *et seq*. Third, Petitioner has not shown that he is without any other adequate remedy. (*See generally* Dkt. No. 14.) Therefore, because Petitioner has failed to establish that the FBI has a duty to protect him or to investigate his case, Petitioner has no claim for which mandamus can be granted.

### D. Motion for Contempt

A party is in contempt when it "fail[s] to take all reasonable steps" to comply with a "specific and definite court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The party alleging contempt must show by clear and convincing evidence that the alleged contemnor violated the court order. *Id.*

1    Petitioner filed a motion for contempt (Dkt. No. 23) because of the FBI's counsel's alleged "serious lack of non-compliance . . . [and for] her lack of respect, compassion and understanding, and deliberate refusal to comply with [the order at Docket Number 9]." (Dkt. No. 23 at 2–3.) That order re-noted Petitioner's first motion for discovery and required the FBI to respond within 60 days of March 21, 2019. (Dkt. No. 9.) The FBI filed its first motion to dismiss on April 22, 2019, and thus complied with the Court's order. (*See* Dkt. No. 11.) Therefore, Petitioner's motion for contempt is DENIED.

## III.     CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. No. 20) is GRANTED. Petitioner's petition for writ of mandamus (Dkt. No. 14) is DISMISSED with prejudice. The Clerk is DIRECTED to strike Petitioner's pending motions for discovery (Dkt. Nos. 2, 16).

DATED this 27th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE